NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 24 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROSETTE PAMBAKIAN, | No. 20-55076 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-07053-MWF-FFM |
| v. | |
| GREGORY BLATT; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted August 12, 2021
San Francisco, California

Before: SILER,** CHRISTEN, and FORREST, Circuit Judges.

Plaintiff-Appellant Rosette Pambakian appeals a district court decision

compelling arbitration of her claims. In August 2019, Pambakian sued Gregory

Blatt, IAC/Interactive Corp., and Match Group, Inc., asserting that Blatt sexually

assaulted her after the 2016 Tinder, Inc. holiday party. Blatt and the companies

---

*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**       The Honorable Eugene E. Siler, United States Circuit Judge for the
U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

removed the case to the Central District of California and moved to compel arbitration under an arbitration agreement that Pambakian signed in January 2018. The district court granted the motion to compel. We have jurisdiction under 28 U.S.C. § 1291, and we review the district court's decision de novo. *Cape Flattery Ltd. v. Titan Mar., LLC*, 647 F.3d 914, 917 (9th Cir. 2011). We affirm.

1. ***Validity and Enforceability.*** We apply California law to determine whether the arbitration agreement is valid and enforceable. *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). Pambakian argues that there was no "meeting of the minds" because the agreement does not specify an ADR provider or which rules apply in arbitration. This argument fails because "the validity of an arbitration agreement is not contingent upon the agreement identifying a specific arbitrator or specifying a particular method for appointing an arbitrator" and here the agreement "clearly evidences the parties' intention to submit their disputes to arbitration." *HM DG, Inc. v. Amini*, 219 Cal. App. 4th 1100, 1108, 1111 (2013).

The agreement also is not unconscionable because, even assuming a low level of procedural unconscionability given that it was presented on a take-it-or-leave-it basis, *see Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1261–62 (9th Cir. 2017) (explaining that the "adhesive nature of a contract . . . [indicates] a low degree of procedural unconscionability"), there is no substantive unconscionability as the agreement requires both parties to submit the same disputes to arbitration via the

2

same process. *Pokorny v. Quixtar, Inc.*, 601 F.3d 987, 997–98 (9th Cir. 2010) ("Agreements to arbitrate must contain at least 'a modicum of bilaterality' to avoid unconscionability.").

**2.** ***Scope.*** Pambakian argues that her claims do not fall within the arbitration agreement's scope because the agreement is not retroactive, and her claims are not closely related to her employment. Pambakian's retroactivity argument fails under *Franco v. Greystone Ridge Condominium*, 39 Cal. App. 5th 221, 227 (2019), because the express scope of her arbitration agreement is broad and not temporally limited. As in *Franco*, the arbitration agreement covers "all claims," connected in any way with her employment, including claims that arose pre-hiring. *Id.* at 230.

Moreover, we conclude all Pambakian's claims "involv[e] or . . . concern[]" her employment. Pambakian's retaliation and wrongful termination claims against IAC and Match Group necessarily relate to her employment; had those companies not employed her, they could not have taken the wrongful conduct she alleged. Her assault-related claims against Blatt also fall within the scope of the arbitration agreement, in part because Pambakian alleged that she was assaulted by her boss after a work-sponsored holiday party in a work-provided hotel room, and because she alleged that "Blatt objectified women in his employ and spread a misogynistic work culture, which promoted sexual harassment and assault." Because

3

Pambakian's agreement uses broader language than that in *Doe v. Princess Cruise Lines, Ltd.*, and the conduct at issue here is more closely connected with Pambakian's employment than the circumstances presented in that case, we conclude that her assault-related claims fall within the arbitration agreement. *See* 657 F.3d 1204, 1208 (11th Cir. 2011). Even if we decided the contract was ambiguous on these issues, we would still compel arbitration because we "resolv[e] ambiguities as to the scope of arbitration in favor of arbitration." *Goldman, Sachs & Co. v. City of Reno*, 747 F.3d 733, 742 (9th Cir. 2014) (internal quotations and citations omitted).

3.    ***Breach.*** Finally, Pambakian argues that Blatt cannot seek to enforce the arbitration agreement because he breached the agreement. We disagree. Blatt did not materially breach the arbitration agreement by filing a defamation complaint against Pambakian in federal court—in a separate proceeding—before moving to compel arbitration in this action. *See Brown v. Grimes*, 192 Cal. App. 4th 265, 278 (2011) ("Whether a partial breach of a contract is material depends on the importance or seriousness thereof and the probability of the injured party getting substantial performance." (quotation marks and citation omitted)); *see also ATSA of Cal., Inc. v. Cont'l Ins.*, 702 F.2d 172, 175 (9th Cir. 1983) ("[U]nder the federal policy favoring arbitration, a party does not waive arbitration merely by engaging in action inconsistent with an arbitration provision.").

The district court's motion to compel arbitration is **AFFIRMED.**[1]

---

[1] Defendants' Request for Judicial Notice [Dkt. no. 36] is denied as to Exhibit A and granted as to Exhibit B.